## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHAUNTAY CANNON | : | |
| 1927 Mifflin St. | : | |
| Philadelphia, PA 19146 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.: |
| v. | : | |
| | : | |
| ASPIRA INC. OF PENNSYLVANIA | : | **JURY TRIAL DEMANDED** |
| 4322 N. 5th St. | : | |
| Philadelphia, PA 19140 | : | |
| and | : | |
| ASPIRA ASSOCIATION, INC. | : | |
| 1444 I Street, NW Suite 800 | : | |
| Washington, D.C. 20005 | : | |
| | : | |
| Defendants. | : | |
| | : | |

### CIVIL ACTION COMPLAINT

Chauntay Cannon (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against Wal-Mart Stores, Inc. for violations of the the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq*.), the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000d *et. seq*.), 42 U.S.C. Section § 1981, and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. §§ 951 *et. seq*.). Plaintiff asserts, *inter alia*, that she was unlawfully terminated from Defendants. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA and the ADA.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.     Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff is proceeding herein under Title VII and the ADA and has properly exhausted her administrative remedies by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC. Plaintiff has also properly exhausted her administrative remedies regarding her PHRA claims because she timely filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC") and waited at least one year for the charge to be processed by the PHRC.

## PARTIES

6.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.     Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Aspira Association, Inc. (*hereinafter* referred to as "Defendant Entity 1") is a national nonprofit organization that solely provides education and leadership development to Puerto Rican and other Latino youth throughout several states in the United States.

9.      Defendant Aspira Inc. of Pennsylvania (*hereinafter* referred to as "Defendant Entity 2") is a nonprofit organization that provides education and leadership development to Puerto Rican and other Latino youth in Northeast Philadelphia.[1]

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff is an African-American (black) female.

14.     Plaintiff was employed with Defendants (a nonprofit organization which focuses on providing education to Puerto Rican and other Latino youth) from in or about January of 2012 until in or about August of 2013.

---

[1] Defendant Entity 1 and Defendant Entity 2 are *hereinafter* collectively referred to as "Defendants" unless indicated otherwise.

15.    Plaintiff was hired to work for Defendants' Onley Charter Highschool (*hereinafter* referred to as "Onley") in Philadelphia, Pennsylvania as a Safety Team Member.

16.    While working within Defendants' Onley location, Plaintiff was subjected to discrimination and disparate treatment as a result of her race, including but not limited to being subjected to discriminatory comments related to her race.

17.    In response to the discriminatory treatment she was receiving at Defendants' Onley location, Plaintiff complained to Defendants' management about such race discrimination and informed them that she wanted the same to cease.

18.    Shortly after her complaint of discrimination (as discussed *supra*), Plaintiff was taken out of Defendants' Onley location and placed to work in Defendants' John B. Stetson Charter School.

19.    Despite the fact that Plaintiff was moved to a different location of Defendants, Plaintiff continued to be subjected to racial discriminatory harassment and treatment by her colleagues and Defendants' management.

20.    For example, in or about April of 2013, Plaintiff was in her supervisor's (Tony Rivera – Hispanic) office when a student from the school came in and asked "why does it smell black in here." Instead of Plaintiff's manager correcting this student's discriminatory behavior, he condoned such behavior and even laughed with the child in response to such question.

21.    By way of further example, Plaintiff was informed by one, Marisol Morales (Hispanic), Defendants' Human Resources Director, on several occasions that she [Plaintiff] did not understand the culture of Defendants (an obvious reference to the fact that Plaintiff was an African-American (black) employee working for a company that focused on educating those who were Hispanic).

22.     As a result of the continuous discriminatory treatment that Plaintiff was being subjected to throughout her employment with Defendants, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in or about April of 2014 (after her aforementioned incident with Mr. Rivera – as discussed *supra*) asserting that Defendants were discriminating against her because of her race.

23.     Soon after filing her aforementioned EEOC charge, Defendants' management began to treat Plaintiff with increased animosity and hostility, including but not limited to issuing her pretextual discipline and accusing her of fabricating the allegations made in her EEOC charge.

24.     Further, after filing her aforesaid EEOC charge, Plaintiff was informed by Marisole Morales that if had been up to her [Morales], she never would have hired Plaintiff because she [Plaintiff] did not understand the culture within Defendants.

25.     Not only was Plaintiff being subject to discriminatory and disparate treatment because of her race while employed with Defendants, Plaintiff was also discriminated against by Defendants' management because she suffered from various disabilities, including but not limited to Anxiety, Depression, Fibroids, and Adenomyosis.

26.     Plaintiff's aforementioned disabilities caused her discomfort and at times prevented her from performing daily activities, including but not limited to working, engaging in social interaction, and sleeping (among other daily life activities).

27.     Despite Plaintiff's aforementioned disabilities, limitationds, and the effects that such disabilities had on her body, Plaintiff was still able to perform the duties of her job well with Defendants; however, Plaintiff would (at times) need reasonable accommodations, including but not limited to intermittent and block medical leave.

28.     Towards the end of Plaintiff's employment with Defendants, Plaintiff advised Defendants' management of her disabilities and need for intermittent leave as it related to such disabilities (FMLA-qualifying leave and a reasonable accommodation)

29.     While Defendants' management allowed Plaintiff to take days off from work intermittently to care for and treat for her aforementioned disabilities, Defendants' management eventually used such absences as a reason to issue her pretextual discipline.

30.     In addition to intermittent time off from work to care for and treat for her aforementioned disabilities, Plaintiff also informed Defendants' management that she needed to take a 6-8 week medical leave of absence to undergo and recover from a surgery related to her fibroids and Adenomyosis (an FMLA-qualifying leave and a reasonable accommodation).

31.     Defendants permitted Plaintiff to take a medical leave of absence to undergo and recover from said surgery (related to her fibroids and Adenomyosis); however, while Plaintiff was on her aforementioned medical leave, she was terminated from Defendants.

32.     Plaintiff was informed by Marisol Morales that she was being terminated for being a no-call/no-show, which is completely false and utterly pretextual.

33.     During Plaintiff's unemployment hearing, Defendants attempted to maintain that Plaintiff abandoned her job because she did not return from her medical leave; however, Plaintiff was informed before she was even able to return from her medical leave that she had been terminated from her employment with Defendants.

34.     Plaintiff believes and therefore avers that she was terminated because of her disabilities, race, requests for accommodations, and/or in retaliation for complaining of race discrimination to Defendants' management.

**Count I**
**Violations of the Americans with Disabilities Act, as Amended ("ADAAA")**
**(Actual/Perceived/ Record of Disability Discrimination & Retaliation)**
**-Against Both Defendants-**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     During Plaintiff's employment with Defendants, Plaintiff suffered from various disabilities which affected her ability (at times) to perform some daily life activities.

37.     Plaintiff apprised Defendants' management of her disabilities and need for accommodations shortly before her termination (as discussed *supra*).

38.     Plaintiff was terminated while she was on a medical leave of absence that she took to care for and treat for some of her aforementioned disabilities.

39.     Defendants discriminated against Plaintiff by terminating her because: (1) of her known and/or perceived health problems; (2) her record of impairment; and/or (3) her requested accommodations.

40.     These actions as aforesaid constitute violations of the ADAAA.

**Count II**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Interference & Retaliation)**
**-Against Both Defendants-**

41.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

43.     Plaintiff requested leave from Defendants, her employer(s), with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

44.     Plaintiff had at least 1,250 hours of service with the Defendants during her last full year of employment.

45.     Defendants are engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

46.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

47.     Defendants committed interference and retaliation violations of the FMLA by terminating Plaintiff: (1) for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs; (3) to dissuade Plaintiff and/or other employees from utilizing FMLA leave; and (4) to prevent her from taking further FMLA-qualifying leave in the future.

48.     These actions as aforesaid constitute violations of the FMLA.

**Count III**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination & Hostile Work Environment & Retaliation)**
**-Against Both Defendants-**

49.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

50.     Upon information and belief, Plaintiff was terminated from Defendants because of her race and/or because she complained of racial discrimination to Defendants' management.

51.     Plaintiff was also subjected to a hostile work environment during her period of employment due to her race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

52.     These actions as aforesaid constitute violations of Title VII.

**Count IV**
**Violations of the Pennsylvania Human Relations Act ("PHRA")**
**(Race Discrimination & Hostile Work Environment & Retaliation)**
**-Against Both Defendants-**

53.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

54.     Upon information and belief, Plaintiff was terminated from Defendants because of her race and/or because she complained of racial discrimination to Defendants' management.

55.     Plaintiff was also subjected to a hostile work environment during her period of employment due to her race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

56.     These actions as aforesaid constitute violations of the PHRA.

**Count V**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination & Hostile Work Environment & Retaliation)**
**-Against Both Defendants-**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Upon information and belief, Plaintiff was terminated from Defendants because of her race and/or because she complained of racial discrimination to Defendants' management.

9

59.     Plaintiff was also subjected to a hostile work environment during her period of employment due to her race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards her.

60.     These actions as aforesaid constitute violations of 42 U.S.C. Section 1981

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 19, 2014

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CHAUNTAY CANNON                                            CIVIL ACTION

          v.

ASPRIA INC. OF PHILADELPHIA, et al.                        NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (X )

| 11/20/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1927 Mifflin Street, Philadelphia, PA 19146

Address of Defendant: 4322 N. 5th Street, Philadelphia, PA 19140, 1444 I Street, NW Suite 800, Washington, DC 20005

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐   No☒

Does this case involve multidistrict litigation possibilities?      Yes☐   No☒
*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐   No☐

2.  Does this case involve the issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐   No☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
    Yes☐   No☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf _____, counsel of record do hereby certify:
   ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
   ☐ Relief other than monetary damages is sought.

DATE: 11/20/2014      _____      ARK2484
                      Attorney-at-Law      Attorney I.D.# 91538
   **NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/20/2014      _____      ARK2484
                      Attorney-at-Law      Attorney I.D.# 91538

CIV. 609 (5/2012)

*\*JS 44 (Rev. 12/07, NJ 5/08)*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CANNON, CHAUNTAY

**(b)** County of Residence of First Listed Plaintiff    Philadelphia

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)

Karpf, Karpf & Cerutti, P.C., 3331 Street Road,
Two Greenwood Square, Suite 128, Bensalem,
PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS

ASPIRA INC. OF PENNSYLVANIA, et al.

County of Residence of First Listed Defendant    Philadelphia

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | **PERSONAL PROPERTY** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 370 Other Fraud | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 371 Truth in Lending | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 380 Other Personal Property Damage | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 385 Property Damage Product Liability | | | |
| ☐ 441 Voting | **PRISONER PETITIONS** | | | |
| ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 443 Housing/ Accommodations | Habeas Corpus: | | | |
| ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family & Medical Leave "FMLA" (29USC2601), ADA (42USC12101), Title VII (42USC2000), 42USC1981

Brief description of cause:
Violations of the FMLA, ADA, Title VII, 42USC1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)

(See instructions):

JUDGE

DOCKET NUMBER

Explanation:

11/20/2014

DATE

SIGNATURE OF ATTORNEY OF RECORD

| Print | Save As... | Export as PDF | Retrieve PDF File | Reset |